[Civ. No. 4693. Second Appellate District, Division Two.—March 25, 1924.]

ALFRED K. GRAFTON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] TRIALS — RIGHT TO DETERMINATION — UNCONSTITUTIONAL LEGISLA-TION.—The legislature cannot by enactment, or by appeal, legally wipe out a pending cause of action or deny to a plaintiff the right to have tried and determined a case which had been set for trial, if the complaint therein states a. cause of action under laws existing at the time it was filed.

[2] ID.—JUSTICE'S COURT APPEAL—DUTY TO PROSECUTE.—When the defendant appeals a justice court case on questions of law and fact, the plaintiff is the actor in the superior court, as he was in the justice's court, and it is his duty to bring the case on for trial, no duty in that respect devolving upon the defendant, though he is the appealing party.

[3] ID. — DISMISSALS — RETROACTIVE LEGISLATION — CASES NOT AF-FECTED.—In so far as it requires that appeals taken before its enactment must be brought to trial within one year from the date of the filing of the appeal, section 891a of the Code of Civil Procedure by its express terms must be held to be retroactive; but that section does not apply to cases which had not merely been appealed but had progressed to the point of having been set for trial when that section took effect, even though such cases were not brought to trial within one year from the filing of the appeal.

(1) 12 C. J., p. 972, sec. 551. (2) 35 C. J., p. 818, sec. 536 (1926 Anno.). (3) 36 Cyc., p. 1220.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to hear an appeal from a Justice's Court. C. W. Guerin, Judge. Writ issued.

The facts are stated in the opinion of the court.

Weber & Crawford for Petitioners.

Anderson & Anderson for Respondents.

CRAIG, J.—One Lizzie A. James having recovered judg-ment against the petitioners herein in the justice's court of Venice township, they perfected an appeal to the superior

1. See 5 Cal. Jur. 754; 6 R. C. L. 316.

court of Los Angeles County on October 28, 1922, and on April 17, 1923, the case was on motion of the plaintiffs set for trial in the superior court on January 31, 1924. After the date when the cause was set for trial, and on June 14, 1923, the following section was added to the Code of Civil Procedure as number 891a (Stats. 1923, p. 755): "No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore, or hereinafter appealed, must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken; *provided, however,* that in any appeal pending when this section takes effect, a judgment or dismissal shall not be entered under the direction hereof sooner than January first, 1924; and *provided further,* that any superior court may, by existing rule or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year."

On January 8, 1924, petitioner was served by opposing counsel with notice of motion to dismiss said appeal, upon the ground that the same had not been set for trial within one year from the date of its filing in the superior court, and on January 18, 1924, this motion was granted. Petitioner thereafter sought, in this court, an alternative writ of mandate, which was issued, and it is here contended that the superior court, without authority, applied retroactively the provisions of the section last quoted in dismissing the appeal, and in refusing to hear the same on the date set for trial thereof; that petitioner is advised upon a full and fair statement of the case to his counsel that he has a good and meritorious defense, and that the court below would by such dismissal deprive him of a vested right.

[1] It could not successfully be contended that the legislature could by enactment, or by appeal, legally wipe out a pending cause of action or deny to a plaintiff the right to have tried and determined a case which had been set for

trial, if the complaint therein stated a cause of action under laws existing at the time it was filed. It has repeatedly been held that under such circumstances the plaintiff would have a vested right which could not be destroyed by legislation taking effect during the pendency of his suit. Section 1049 of the Code of Civil Procedure provides that "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.

[2] It is insisted that petitioner upon filing his appeal did nothing more, from October 28th until April 17th; but as was said in *Kraker* v. *Superior Court,* 15 Cal. App. 651 [115 Pac. 663], when the defendant appeals a justice court case on questions both of law and fact, the plaintiff is the actor in the superior court, as he was in the justice's court, and it is his duty to bring the case on for trial, no duty in that respect devolving upon the defendant, though he is the appealing party. It may be that under the provisions of the new statute under which this dismissal was ordered, the rule just stated has been altered, but that is a matter which we are not required to determine upon this occasion, since the trial date had been fixed prior to the taking effect of the statute.

In *Lewis* v. *Pennsylvania R. R. Co.,* 220 Pa. 317 [13 Ann. Cas. 1142, 18 L. R. A. (N. S.) 279, 69 Atl. 821], it was said: "If the law of the case at the time when it became complete is such an inherent element in it that a plaintiff may claim it as a vested right, on what possible ground can it be held that a defendant has no vested right with respect to an exemption or defense? The authorities make no such distinction. . . . 'There is a vested right in an accrued cause of action, in a defense to a cause of action, even in the statute of limitations when the bar has attached, by which an action for a debt is barred.' (Sutherland, Stat. Constr., sec. 480.)" Such is the only logical conclusion that can in justice be recognized, and it is the foundation for the rule announced in *Caulfield* v. *Doe,* 45 Cal. 221, 223, that "when in pending actions, proceedings have been taken prior to the taking effect of the Code of Civil Procedure, the sufficiency of such proceedings must be determined by the law in force at the time, and by no other rule." And in *Vanderbilt* v. *All*

*Persons, etc.,* 163 Cal. 507, 513 [126 Pac. 158, 161], that "Retroaction is never allowed to a statute unless required by express legislative mandate or unavoidable implication." (See, also, *State Commission in Lunacy* v. *Welch,* 20 Cal. App. 624 [129 Pac. 974].)

[3] In so far as it requires that appeals taken before the enactment of the statute must be brought to trial within one year from the date of the filing of the appeal, the statute under consideration by its express terms must be held to be retroactive; but to give it effect in this regard, the language of the statute does not require that its retroactive application be extended to include cases which had not merely been appealed but had progressed to the point of having been set for trial when the statute took effect. This law declares itself to be retroactive only as governing cases appealed; it does not go beyond that and take in those set for trial, and we are not disposed to adopt a construction unnecessarily extending the scope of the statute retroactively, since such an interpretation would work an apparent injustice and at the same time violate well-established principles of statutory construction.

Petitioner and respondent base their arguments upon questions as to the constitutionality of a statute which might effect the dismissal of an action upon facts as here presented, and the effect of several months' delay in having the instant case set for trial. But aside from these considerations, we think that since the case at bar was definitely set down upon the calendar to take its course among cases ready and awaiting their turn before the court before the statute became effective, it does not come within the purview of the statute.

The writ of mandate will therefore be issued accordingly.

Finlayson, P. J., and Works, J., concurred.