[Civ. No. 2820.   Third Appellate District.—May 3, 1924.]

# H. C. MEIER, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF STANISLAUS et al., Respondents.

[1] STATUTORY CONSTRUCTION—LEGISLATURE—DUTY OF COURTS.—In the construction of statutes or written instruments, "the office of the judge is simply to ascertain and declare what is in terms or substance contained therein, not to insert what has been omitted or to omit what has been inserted," which means that it is not within the legitimate function of courts to legislate or to make contracts for parties; yet it is the duty of the courts to give enforcement to all laws enacted by the legislature which are, in their provisions and purposes, harmonious with the provisions of the federal and state constitutions, but in construing such laws they are not required in all cases to be governed by the literal phraseology thereof or bound to the acceptance and approval of every word they contain, if, by so doing, such laws, when applied, would produce harmful rather than beneficial results.

[2] ID.—ERRONEOUS WORD IN STATUTE—INTENT—DUTY OF COURTS.— If the use of a single word in a statute would render it an unreasonable exercise of the legislative power, when applied to given cases, then it would be the bounden duty of the courts to so declare. In such case, however, if the context of the statute or other considerations therefrom arising show that the word has been by the legislature erroneously used for another word which, when substituted for mischievous one, will make the statute harmonious in all its parts and with the obvious purpose and intent of the statute so that its enforcement will be in full accord with such purpose and intent, then the courts may correct the error.

[3] JUSTICE'S COURT—SECTION 981A, CODE OF CIVIL PROCEDURE—DISMISSAL OF APPEAL AND NOT ACTION PROVIDED FOR.—The phrase, "all such actions must be dismissed," in section 981a of the Code of Civil Procedure relating to the dismissal of a justice's court appeal if not brought to trial within one year from the date of filing the appeal, was erroneously used by the legislature, it being the intention of the law-making body, as the same is gathered from the context of the section and the title thereof, to use in place of said phrase the language, "all such appeals must be dismissed."

1. See 25 R. C. L. 963.

2. Changing, supplying and eliminating words in statute to correct obvious error, note, 1 Ann. Cas. 752. See, also, 25 R. C. L. 973.

[4] ID.—FAILURE TO BRING ACTION TO TRIAL WITHIN ONE YEAR—
ABSENCE OF WRITTEN STIPULATION EXTENDING TIME—DISMISSAL.—
Where a respondent on a justice's court appeal shows to the supe-
rior court on motion for a dismissal that the appealing party has
not brought the action to trial within one year from the date
of filing the appeal, and that the statutory time has not been
extended by stipulation of the parties filed with the clerk of the
superior court, the respondent's motion to dismiss the appeal
should be granted.

[5] ID.—SECTION 981A, CODE OF CIVIL PROCEDURE—CONSTRUCTION OF.—
Section 981a of the Code of Civil Procedure is mandatory in its
terms, and, in the absence of a showing that the time within
which the section requires actions appealed from a justice court
to a superior court must be brought to trial has been extended
by stipulation of the parties entered into prior to the expiration
of the time limit and duly filed, then there is nothing left for the
trial court to do but to order the appeal dismissed.

---

(1) 36 Cyc., pp. 1103, 1107, 1109.    (2) 36 Cyc., p. 1109.    (3) 35
C. J., p. 806, sec. 514.    (4) 35 C. J., p. 806, sec. 514.    (5) 35 C. J.,
p. 805, sec. 513, p. 806, sec. 514.

PROCEEDING in Mandamus to compel the Superior
Court of Stanislaus County to make and enter an order
of dismissal of a justice's court appeal. L. W. Fulkerth,
Judge.   Writ granted.

The facts are stated in the opinion of the court.

Albert L. Johnson for Petitioner.

L. J. Maddux for Respondents.

HART, J.—This is an original application for a writ of
mandate to compel the respondent court and the judge
thereof, on a motion to that end, made in said court, to
make and enter an order dismissing the appeal in a certain
action appealed to said court from the justice's court of
Newman township, in the county of Stanislaus.

The motion to dismiss was based upon section 981a of the
Code of Civil Procedure, which was added to said code by
an act of the legislature of 1923, the title of which reads as
follows: "An Act to add a new section to the Code of Civil

---

4.   See 15 Cal. Jur. 546.
5.   See 25 R. C. L. 766.

Procedure, to be numbered 981a relating to dismissal of appeal.'' (Stats. 1923, p. 755.)     Said section reads as follows: "No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore, or hereafter appealed must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken; provided, however, that in any appeal pending when this section takes effect, a judgment or dismissal shall not be entered under the direction hereof sooner than January first, 1924; and provided, further, that any superior court may, by existing rule or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year.''

The petition for the writ of mandate shows: That the petitioner, on the twenty-first day of February, 1922, commenced an action in the justice's court of said Newman township against one John H. Elfers and his brother, Louis Elfers, to obtain a judgment for moneys alleged to be due petitioner for materials furnished and labor performed at the special instance and request of said Elfers Brothers; that said Louis Elfers did not answer the complaint, but that within due time said John H. Elfers answered the complaint and as to him the case came to issue, was subsequently tried and judgment rendered and entered in favor of the petitioner against both defendants in the sum of $297.10, with interest, all amounting to the sum of $356.11; that on the twenty-second day of December, 1922, the said John H. Elfers appealed the case to the respondent court, upon questions of both law and fact; that on the second day of January, 1923, attorney for defendant and appellant caused the case to be set for trial on the eighth day of May, 1923, at 10 o'clock A. M. in department one of the respondent court, presided over by the respondent judge; that several days prior to and on the eighth day of May, 1923, the respondent

judge informed the respective attorneys of the appellant in the court below and the petitioner (respondent in the case on appeal) that it would not be possible to try said case upon that day (May 8, 1923), and that the trial thereof would have to be postponed to a later date, "because of the precedence of another trial upon the calendar" of said court; that thereafter "neither the appellant nor his attorney ever made any effort to set the said case for trial and to determine the appeal herein until after the lawful period for setting said cause had expired; that said appeal was not brought to trial within one year from the date of filing such appeal in said superior court."

The petition further states that, on the tenth day of January, 1924, the petitioner filed with the clerk of respondent court and served a written notice, dated January 5, 1924, that he would, on the fourteenth day of January, 1924, move the said court for an order dismissing the appeal of said John H. Elfers in said case "upon the ground that the said appeal had not been brought to trial within one year from the date of filing such appeal in said superior court," it being further alleged that the time within which the statute requires such action on appeal to be brought to trial was not extended by stipulation of the parties filed with the clerk of the superior court. The written notice of motion followed the language of section 981a of the Code of Civil Procedure and not only called for a dismissal of the appeal but also a dismissal of the action.

On the fourteenth day of January, 1924, said motion to dismiss was heard upon the papers in the case and affidavits by the respective parties and their respective attorneys, and, the matter having been on that day submitted for decision, the respondents took the same under advisement and later made and caused to be entered an order denying said motion, and at the same time set the case down for trial for the twenty-fifth day of February, 1924.

To the petition here the respondents, as a return to the order to show cause, have filed an answer setting forth a brief history of the case from its inception in the justice's court to the date of the hearing of the motion to dismiss, including the pleadings in said case and affidavits filed in the respondent court by the appellant there in support of his resistance to the motion and counter-affidavits

likewise filed by the petitioner. The salient facts stated in the petition are not denied nor controverted.

The court in its written decision denying the motion, which is embodied in the return to the application for the writ herein sought, found that no written stipulation entered into by the parties extending the time for bringing the action to trial beyond the time prescribed by section 981a, had ever been filed with the clerk of the said court, nor was there an oral stipulation made in open court extending the time, "but the court denies the motion to dismiss on the ground that the section relied on, to wit: section 981a of the Code of Civil Procedure, provides for the dismissal of the action as well as the appeal from the judgment, and that, as the motion to dismiss follows the exact language of the section and is as broad as the section itself, a granting of the motion to dismiss would have the effect of putting respondent (petitioner here) out of court on his own motion. The motion to dismiss," proceeds the decision, "is also denied on the ground that section 981a is void for uncertainty."

The language of the section seems plain enough, but, literally viewed, involves the very quintessence of absurdity. The section seems to place solely upon the appealing party the duty of bringing the action to trial within the year limit prescribed thereby, and if he defaults in that particular there is, viewing strictly the language of the section, no alternative left to him or some other interested party, or the court on its own motion, but to dismiss the action. In other words, the section affords no choice as between dismissing the appeal, if such a course be authorized thereby and dismissing the action, but, in mandatory language, declares that the action must, in any event, be dismissed. Thus the respondent in the court below would be compelled, without fault or negligence on his part, to suffer the loss of the fruits or benefit of the judgment he obtained in the inferior court.

Doubtless, if the section, as it now reads, could be upheld as a reasonable legal enactment in all its terms, the respondent below, on failure of the appealing party to press the trial of the action within the specified time, would himself be entitled to force the action to trial within said time. At any rate, such respondent would be required to do this, in

case the appealing party failed to bring the action to trial within the period prescribed or lose the benefit of his judgment.

It appears very clear, however, that the legislature must have inadvertently and unintentionally used the word "actions" in the section in the place of the word "appeals." This proposition would seem to be supportable, not alone upon a consideration of the unreasonableness of the section or the preposterous consequences following literally the application thereof as it now stands, but also by a consideration of the section in its entirety and also the title of the act adding it to the code. The first part of the section, it will be noted, does not expressly refer to the dismissal of appeals. It will further be perceived that the latter part of the section contains two provisos, at least one if not both of which refer to the dismissal of appeals and not to the dismissal of actions. It would seem to be obviously true that, if the legislature, in enacting the section, had intended, *ex industria*, thus to authorize the dismissal of the actions, because of default on the part of the appealing party to bring the same to trial within the prescribed time limit, it would have carried that intention through the entire section in language so clear as not to leave the matter in doubt. This it failed to do, as the two provisos referred to plainly demonstrate. Again, when we look to the title of the act adding section 981a to the code to ascertain the subject matter thereof, we find that it refers solely to the dismissal of appeals in such actions, and does not refer to or mention "dismissal of actions." We may assume that the legislature, in the making of laws, always purposes to follow the mandates of the constitution as to the manner of the enactment thereof, and that, had it intended to include in the section under review a provision that such actions should be dismissed for failure to bring them to trial within the specified time, it would have expressed that intention in the title thereof. From all these considerations, it would seem, there could follow no other rational conclusion than that the legislature, rather than intending to say in the section that "all such actions heretofore or hereafter appealed must be dismissed," meant to say that the appeals in all such actions shall be dismissed. In brief, it is clear that, considering the section as a whole, together with the title of

the action adding it to the code, the true index of the legislative intent as to the penalty to be imposed for the failure to bring the action to trial within the prescribed time is contained in the second proviso of the section.

[1] It is the established rule that, in the construction of the statutes' or written instruments, "the office of the judge is simply to ascertain and declare what is in terms or substance contained therein, not to insert what has been omitted or to omit what has been inserted" (sec. 1858, Code Civ. Proc.), which means, of course, that it is not within the legitimate function of courts to legislate or to make contracts for parties; yet it is the duty of the courts to give enforcement to all laws enacted by the legislature which are, in their provisions and purposes, harmonious with the provisions of the federal and state constitutions, but in construing such laws they are not required in all cases to be governed by the literal phraseology thereof or bound to the acceptance and approval of every word they contain, if, by so doing, such laws, when applied, would produce harmful rather than beneficial results. [2] If the use of a single word in a statute would render it an unreasonable exercise of the legislative power, when applied to given cases, then it would be the bounden duty of the courts to so declare. In such case, however, if the context of the statute or other considerations therefrom arising show that the word has been by the legislature erroneously used for another word which, when substituted for the mischievous one, will make the statute harmonious in all its parts and with the obvious purpose and intent of the statute so that its enforcement will be in full accord with such purpose and intent, then the courts may correct the error. This proposition is well stated, and the text sustained by many cases cited in the footnotes thereof, in 25 Ruling Case Law, section 227, page 978, as follows: "Legislative enactments are not more than any other writings to be defeated on account of mistakes, errors or omissions, provided the intention of the legislature can be collected from the whole statute. Where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent." (See, also, *Swinnerton* v. *Monterey*

*County,* 76 Cal. 113 [18 Pac. 135]; *Davis* v. *Hart,* 123 Cal. 384, 387 [55 Pac. 1060].)

It may be suggested that, if the section may be viewed as providing both for the dismissal of appeals and the dismissal of actions, the result here would be the same. If the language of the section, "and all such actions heretofore or hereafter appealed must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein," etc., had been omitted from the section, the language immediately preceding it, "no action heretofore or hereafter appealed from the justice court to the superior court shall be further prosecuted, and no further proceedings had therein," would necessarily imply, and, indeed, carry with it the right to have the appeal dismissed. Hence, it might be argued that the intention of the legislature was to provide both for the dismissal of the appeals in such actions and the dismissal of such actions. Thus construing the section, the provision authorizing the dismissal of such actions would have to be eliminated for the reason that, since the dismissal of appeals and the dismissal of actions involve two different and wholly unrelated or dissimiliar subjects, and the matter of the dismissal of such actions is not expressed in the title of the act adding said section to the code, the enactment, in so far as it purports to provide for the dismissal of such actions, is unconstitutional and void. (Art. IV, sec. 24, Const.) That section of the constitution provides, in part: "Every act shall embrace but one subject, which subject shall be expressed in its title. But if any such subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title."

Thus it will be perceived that upon that theory of the act incorporating said section into the Code of Civil Procedure, the provision of the section purporting to authorize the dismissal of such actions, would have to be expunged from the section, leaving it merely as the authority for the dismissal of appeals in such actions.

[3] We will rest our conclusion herein, however, on the interpretation of the section first above given, viz.: That the phrase "all such actions must be dismissed," was erroneously used by the legislature, it being the intention of the

lawmaking body, as the same is gathered from the context of the act and the title thereof, to use in place of said phrase the language, ''all such appeals must be dismissed.''  **[4]** And upon this construction of the section, and the showing made by the petitioner, it is clear that the prayer of the petition should be granted and the respondents directed to grant petitioner's motion to dismiss the appeal but not the action.

**[5]**  Section 981a of the Code of Civil Procedure is mandatory in its terms, and, in the absence of a showing that the time within which the section requires actions appealed from a justice court to a superior court must be brought to trial has been extended by stipulation of the parties entered into prior to the expiration of the time limit and duly filed, then there is nothing left for the trial court to do but to order the appeal dismissed. (*Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841]; *Perrin* v. *Miller,* 35 Cal. App. 129 [169 Pac. 426]; *Ravn* v. *Planz,* 37 Cal. App. 735 [174 Pac. 690]; *Boyd* v. *Southern Pacific R. R. Co.,* 185 Cal. 344, 346 [197 Pac. 58].) These cases involve motions to dismiss actions as authorized by section .581a (for failure to cause summons to be issued within a year) and section 583 (for failure to bring the action to trial within five years after the defendant has filed his answer) of the Code of Civil Procedure. The language and the general purpose of those sections, though, are the same as those of section 981a, and all said sections, the last named as well as the former, are, in their application, governed by the same principle. In fact, all three are analogous, if, indeed, they may not strictly be so denominated, to statutes of limitations.

As the trial court stated in its written decision, there was no stipulation, either in writing or orally made in open court, between the parties, extending the time for the trial of the action beyond the period fixed by the statute. The affidavits of the attorney for the respondent below and his client contained statements that they had made a demand on the attorney for the petitioner for an inspection of the book containing the account upon which the action was predicated and for a copy of said account (sec. 1000, Code Civ. Proc.); that counsel for the petitioner here represented to said counsel that said book had been mislaid or

could not be found and that he was unable to furnish the respondent in the court below a copy of the account or produce the book itself for inspection by him. The affidavit of the attorney for the petitioner declares that he had no recollection of stating that the book had been lost; that the same was in his office at the time the demand was made and was there at the time of the making of his affidavit and that he was ready to produce the same at any time the action might have been seasonably brought to trial. This matter, however, is wholly immaterial to the inquiry here. If the action had been brought to trial within time and counsel had failed to comply with the demand of the defendant in the action below for an inspection of the book containing the account upon which the action was brought or had failed to furnish said party a copy of said account, the penalty as imposed by the statute would be, in the absence of a legal excuse for not complying with the demand, that the entries of the account in the books be excluded as evidence in the case. (See sec. 1000, Code Civ. Proc.) Obviously, this proposition has no bearing upon the question before us in this proceeding.

Let a peremptory writ of *mandamus* issue requiring the respondents here to make and enter an order dismissing the appeal referred to herein.

Plummer, J., and Finch, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1924.

All the Justices concurred.