[S. F. No. 11016. In Bank.—May 8, 1924.]

MEURICE SWIM, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., et al., Respondents.

[1] JUSTICE'S COURT—APPEAL TO SUPERIOR COURT—TIME FOR BRINGING ACTION TO TRIAL—EXTENSION BY VERBAL STIPULATION—CONSTRUCTION OF SECTION 981A, CODE OF CIVIL PROCEDURE.—A verbal stipulation to the effect that further proceedings in an action appealed from the justice's court to the superior court should be indefinitely postponed is insufficient to meet the provision of section 981a of the Code of Civil Procedure, requiring a written stipulation filed with the clerk of the superior court for the purpose of extending the time therein provided for bringing the case to trial.

[2] Id.—Estoppel—Waiver—Certiorari—Evidence.—Assuming, without deciding, that the appellant might be permitted to invoke the doctrine of estoppel based on a verbal agreement by respondent to indefinitely postpone proceedings and to collect the debt from another party who had contracted it, against the plain language of section 981a of the Code of Civil Procedure as the basis for a contention that the respondent had waived his right to insist upon a dismissal pursuant thereto, the defense is not available on *certiorari* to review the action of the superior court in denying a dismissal of the action, as appellant must be assumed to have entered into the agreement with respondent with the knowledge of the statutory provision, which required nothing less than a written stipulation to protect him from the liability to a dismissal, and is chargeable also with knowledge of the fact that the promise of said other party to pay the debt was not a legally sufficient consideration to support the agreement of the respondent to take no further proceedings, for the reason that said party promised nothing more than that which he was then legally obligated to do.

[3] Id.—Pleading—Relief—Certiorari.—The prayer of a petition entitled "Petition for a Writ of Mandate" being, in effect, for what amounts to a writ of review, and the petition, the answer, and the complete record in the case below being before the reviewing court in so far as relates to the right of respondent to a dismissal under section 981a of the Code of Civil Procedure, the reviewing court will give such relief as the record so presented will warrant; and respondent being entitled to such dismissal, the order made by the superior court denying respondent's motion to dismiss the appeal will be annulled and a writ of mandate will issue requiring the superior court to make and enter an order in the action dismissing said appeal.

PROCEEDING in *Certiorari* to review an order of the Superior Court refusing to dismiss a Justice's Court appeal. Writ granted.

The facts are stated in the opinion of the court.

J. E. Manning for Petitioner.

S. L. Mash for Respondents.

MYERS, C. J.—The petition herein is entitled "Petition for a Writ of Mandate," but the prayer thereof is, in substance, for a writ of review. The writ which was issued by us at petitioner's request was in effect a writ of review, though entitled writ of mandate, and in response to it the

record of the lower court has been certified to us. The facts are as follows: The petitioner herein recovered a judgment in the justice's court of the city and county of San Francisco, January 16, 1922, against one S. L. Mash, defendant, amounting to $92.93. The defendant perfected an appeal to the superior court of the city and county of San Francisco which was filed therein February 15, 1922. On January 25, 1924, nearly two years thereafter, after due notice given, the petitioner moved the latter court to dismiss said appeal on the ground that the appellant had failed to bring such appeal to trial within one year of the date of filing thereof in the superior court. This motion was based upon section 981a of the Code of Civil Procedure, a new section added thereto in 1923 (Stats. 1923, p. 755), which provides as follows:

"No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore, or hereafter appealed must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken; *provided, however,* that in any appeal pending when this section takes effect, a judgment or dismissal shall not be entered under the direction hereof sooner than January first, 1924; *and provided, further,* that any superior court may, by existing rule or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year."

The motion was supported by the affidavit of the plaintiff to the effect that he had not entered into any written or other stipulation extending the time for bringing such appeal on for trial and that no such stipulation had been filed with the clerk of said superior court. Thereupon the defendant, appellant herein, served and filed a counter-motion to set said case for trial, supporting the same by an affidavit, the material portions of which are as follows:

"That on or about the 15 day of April, 1922, made an agreement with the plaintiff, Meurice Swim, attorney *in propria persona,* wherein it was agreed that no further legal proceedings be taken on the part of the plaintiff Meurice Swim, and the defendant S. L. Mash, herein and that the defendant S. L. Mash, endeavor to see the defendant Ralph Phillips who had contracted the debt and for whom the services so rendered and performed for the indebtedness claimed by the plaintiff and for whose use and benefit said services had been performed. He the said Ralph Phillips having before confessed judgment for the same and thereby agreeing to pay the same if given an opportunity to do so.

"In line with the above mentioned and described agreement the said defendant S. L. Mash saw the said defendant Ralph Phillips and he agreed to pay off the said bill at the rate of two dollars and one half ($2.50) per week and the said defendant so informed the said plaintiff and attorney *propria persona* herein and the said plaintiff informed the said defendant S. L. Mash that the said terms of the agreement so made by the said Ralph Phillips was satisfactory and that he the said plaintiff would take up the matter with the said Ralph Phillips one of the def. herein.

"Thereon, this Defendant S. L. Marsh was led to believe that the said account and debt had been paid by the said defendant Ralph Phillips, and in line with above agreement by the defendant S. L. Mash with the plaintiff Meurice Swim, the above cause of action was not set for trial by the defendant S. L. Mash."

Petitioner's motion to dismiss said appeal came on regularly for hearing in said superior court and was by said court denied. Thereupon petitioner filed in this court the petition herein. The facts alleged in defendant's affidavit above quoted amount to nothing more than an assertion that a verbal stipulation was entered into by and between the parties to the effect that further proceedings in the action should be indefinitely postponed. All of these alleged facts were contradicted in a counter-affidavit filed by the plaintiff in said action, but for the purposes hereof the allegations of defendant's affidavit must be taken as true. [1] In the face of the plain and unambiguous language used in the code section above quoted, clearly evi-

dencing the legislative intent to require a written stipulation filed with the clerk of the superior court for the purpose of extending the time for bringing the case to trial, we cannot say that a verbal stipulation should be permitted to answer the same purpose.

The situation thus presented is substantially analogous to that which was before this court in the recent cases reported under the title of *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006]. We are of the opinion that under the rule and reasoning of that case it was the duty of the respondent court to grant petitioner's motion for a dismissal of the appeal. Evidently that case was not called to the attention of the respondent judge as it has not been cited in either of the briefs herein. [2] Assuming, without deciding, that the appellant might be permitted to invoke the doctrine of estoppel as against the plain language of the code section as the basis for a contention that the respondent had waived his right to insist upon a dismissal pursuant thereto, we are satisfied that said defense is not available to him herein. He must be assumed to have entered into the agreement with the plaintiff with the knowledge of the statutory provision which required nothing less than a written stipulation to protect him from the liability to a dismissal. He is chargeable also with knowledge of the fact that the promise of the said Phillips was not a legally sufficient consideration to support the agreement of the plaintiff to take no further proceedings, for the reason that Phillips promised nothing more than that which he was then legally obligated to do. (Civ. Code, sec. 1605.) Moreover, if the said promise on the part of Phillips had been performed, the judgment would have been fully satisfied thereby within a period of twenty-seven weeks, thus leaving to the appellant, in the event of the nonperformance thereof, an ample margin of time thereafter within which to protect his own rights by bringing his appeal to trial. Notwithstanding this, appellant sat idly by for nearly one hundred weeks thereafter without making any effort to ascertain whether or not the judgment had in fact been paid. [3] As was noted above, the prayer of the petition herein is, in effect, for what amounts to a writ of review. But we now have before us the petition, the answer, and the complete record in the case below in so

far as relates to the point involved herein. Under these circumstances there is no reason why we should not give such relief as the record so presented will warrant. (*Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377 [220 Pac. 306]; *Van Hoosear* v. *Railroad Com.,* 189 Cal. 228, 236 [207 Pac. 903].) We are of the opinion that the order made by the respondent court denying petitioner's motion to dismiss the appeal should be annulled and that a writ of mandate should issue requiring the respondent court to make and enter an order in said action dismissing said appeal. It is so ordered.

Lennon, J., Lawlor, J., Waste, J., Seawell, J., Shenk, J., and Richards, J., concurred.