[Civ. No. 4732.   Second Appellate District, Division Two.—October 29, 1924.]

## K. REYNOLDS, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

[1] DISMISSAL—JUSTICE COURT APPEAL—DELAY IN BRINGING TO TRIAL. Section 981a of the Code of Civil Procedure requires a dismissal of the appeal, and not a dismissal of the action where an action is appealed from the justice court to the superior court and the appeal is not brought to trial within a year from the date of its filing in the superior court.

(1) 35 **C. J.**, p. 806, sec. 514.

PROCEEDING in Certiorari to review an order of the Superior Court of Kern County dismissing a Justice's Court appeal.   Erwin W. Owen, Judge.   Order affirmed.

The facts are stated in the opinion of the court.

Emmons & Aldrich for Petitioner.

Brittan & Brittan for Respondents.

FINLAYSON, P. J.—This is a proceeding in *certiorari* to review an order of the superior court dismissing an appeal from the justice's court.

1.  See 15 **Cal. Jur.** 546.

Judgment was recovered against petitioner in the justice's court in an action wherein he was the defendant and one Cora Osborn was the plaintiff. In due time petitioner appealed to the superior court upon questions of both law and fact. The appeal was not brought to trial within a year from the date of its filing in the superior court, and for that reason the plaintiff in the action moved that court to dismiss the appeal under the provisions of section 981a of the Code of Civil Procedure. The motion was granted; hence this proceeding.

[1] Petitioner contends that under the terms of section 981a a failure to bring the appeal to trial within the year may justify a dismissal of the action, but that it does not warrant a dismissal of the appeal. Wherefore it is claimed that the order of the respondent court dismissing the appeal was beyond its jurisdiction. This code section was construed by the district court of appeal for the third appellate district in the case of *Meier* v. *Superior Court,* 67 Cal. App. 135 [227 Pac. 490]. There the court, speaking through Mr. Justice Hart, held that in a case such as this, section 981a requires a dismissal of the appeal and not a dismissal of the action. With the reasoning in that case, which we regard as irrefragable, we are in entire accord. Indeed, the construction which was there placed upon this section was adopted, tacitly at least, by the supreme court in the later case of *Swim* v. *Superior Court,* 193 Cal. 539 [226 Pac. 2]. There the supreme court directs the superior court to enter an order dismissing the "appeal."

The order of the superior court dismissing the appeal is affirmed.

Works, J., and Craig, J., concurred.