[Civ. No. 4795. Second Appellate District, Division Two.—December 11, 1924.]

## PACIFIC GAS RADIATOR COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEAL — COMMON-LAW RIGHT — JUSTICE'S COURT — LEGISLATIVE CONTROL.—Appeals have no existence at common law, and any right of appeal must be based upon some provision of the constitution or of the statute; and the constitution of this state has left the matter of providing the mode and extent of appeals from justice's courts to be regulated by the legislature.

[2] ID.—RIGHT TO ABOLISH REMEDY—JURISDICTION OVER PENDING CASES.—As a general rule, every state has full authority to control all remedies which it may provide, and may abolish a previously existing remedy by appeal, even as to cases which have been appealed; and when the jurisdiction of an appellate court depends upon a statute which is repealed after an appeal has been taken but is still undetermined, the appeal should be dismissed.

[3] ID.—FAILURE TO HEAR WITHIN YEAR—LOSS OF JURISDICTION BY SUPERIOR COURT.—Section 981a of the Code of Civil Procedure not only attempts to compel the trial of cases appealed from the justice's court within one year from the date of filing of the appeal in the superior court and makes a breach of that requirement ground for arbitrary dismissal of the action, but it annuls all jurisdiction in the superior court except to make the order of dismissal.

[4] ID. — CONGESTED CALENDARS — INABILITY TO OBTAIN HEARING WITHIN YEAR — MANDATORY DISMISSAL — LEGISLATIVE RELIEF. — As the language of section 981a of the Code of Civil Procedure is clear and express in its command, where it was impossible to comply with the requirement thereof, because of the fact that numerous other actions filled the superior court calendars so that no date could be secured upon which to try the action in question within the year allowed, an order of dismissal was mandatory;

---

1. See 2 R. C. L. 27; 2 Cal. Jur. 111.

2. On effect of repeal of civil statute pending motion for new trial or appeal from judgment based thereon, note, 37 L. R. A. (N. S.) 934.

3. See 15 Cal. Jur. 547.

and relief from the apparent injustice resulting from such application of the statute must be provided by the legislature, and cannot be given by the courts.

(1) 3 C. J., p. 316, n. 43; 35 C. J., p. 974, n. 18.   (2) 3 C. J., p. 318, n. 47; 4 C. J., p. 580, n. 28; 12 C. J., p. 974, n. 18, p. 986, n. 24.   (3) 35 C. J., p. 806, n. 79.   (4) 12 C. J., p. 887, n. 38; 35 C. J., p. 806, n. 79.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County dismissing a Justice's Court appeal. Harry A. Holzer, Judge. Order affirmed.

The facts are stated in the opinion of the court.

J. Wiseman MacDonald, W. A. Wallace and Harold J. Cashin for Petitioner.

Tanner, Taft & Odell and Donald A. Odell for Respondents.

CRAIG, J.—The petitioner herein attacks by *certiorari* an order of the superior court of Los Angeles County, dismissing its appeal from a judgment rendered in the justice's court of Santa Monica township. The record on appeal was filed in the superior court on May 28, 1923, and on August 30, 1923, at the instance of petitioner, the case was set to be tried July 2, 1924. On June 3, 1924, the plaintiff below moved to dismiss the appeal because it had not been brought to trial within one year from the date upon which it was filed, as required by section 981a of the Code of Civil Procedure, which became effective June 14, 1923. It appears that the superior court set the trial in its regular course for the earliest date available under the congested condition of its calendars.

Section 981a of the Code of Civil Procedure reads as follows:

"An act to add a new section to the Code of Civil Procedure, to be numbered nine hundred eighty-one *a,* relating to dismissal of appeal.

"No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore, or hereafter appealed, must be

dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken; *provided,* however, that in any appeal pending when this section takes effect, a judgment or dismissal shall not be entered under the direction hereof sooner than January first, 1924; and *provided, further,* that any superior court may, by existing rule or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year.'' (Stats. 1923, p. 755.)

*Grafton* v. *Superior Court,* 66 Cal. App. 319 [226 Pac. 9], is not determinative upon this proceeding, although it is nearer in point than any other case involving this section of the code which has been reported. However, the decision in the Grafton case merely held that the statute had no application to the facts there involved because the superior court had made its order setting the cause for trial before the statute became effective. In the instant case there is no room for dispute as to the applicability of the statute. Hence we must determine its constitutionality in so far as it attempts to require the dismissal of cases the appeals of which were perfected prior to the taking effect of the statute.

[1] Appeals have no existence at common law, and any right of appeal must be based upon some provision of the constitution or of the statute. (*Gale* v. *Tuolumne Water Co.,* 169 Cal. 46 [145 Pac. 532].) Our constitution has left the matter of providing the mode and extent of appeals from justices' courts to be regulated by the legislature. (*Wells* v. *Torrance,* 119 Cal. 437 [51 Pac. 626]; *Sherer* v. *Superior Court,* 94 Cal. 354 [29 Pac. 716]; sec. 5, art. VI, Cal. Const.)

[2] As a general rule every state has full authority to control all remedies which it may provide, and may abolish a previously existing remedy by appeal, even as to cases which have been appealed. (Cooley's Constitutional Limitations, sec. 474.) When the jurisdiction of an appellate court depends upon a statute which is repealed after an

appeal has been taken but is still undetermined, the appeal should be dismissed. (*Ex parte McCardle,* 74 U. S. 506 [19 L. Ed. 264, see, also, Rose's U. S. Notes].) In *People v. Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866], our supreme court, after reviewing the authorities at great length, announces the rule to be that when pending an appeal from a judgment the law which is its sole support is repealed the appellate court cannot proceed further with the litigation. This decision cites many authorities to the effect that where jurisdiction depends upon a statute suits brought during the existence of the statute fall at once upon its repeal. [3] Section 981a of the Code of Civil Procedure attempts to compel the trial of cases appealed from the justice's court within one year from the date of filing of the appeal in the superior court, and makes a breach of that requirement ground for arbitrary dismissal of the action. It annuls all jurisdiction in the superior court except to make the order of dismissal. [4] The record in the instant proceeding shows that it was impossible to comply with this requirement, and this because of the fact that numerous other actions filled the superior court calendars so that no date could be secured upon which to try this action within the year allowed.

Our Political Code, in section 327, provides: "Any statute may be repealed at any time, except when it is otherwise provided therein. Persons acting under any statute are deemed to have acted in contemplation of this power of repeal." Nevertheless, since section 981a cannot be construed otherwise than as taking away the appellate jurisdiction of the superior court in this case, and as the language of the statute is clear and express in its command that the action be dismissed, relief from the apparent injustice resulting from the application of this statute must be provided by the legislature, but it cannot be given by the courts.

In the case of *Harrison* v. *Smith,* 2 Colo. 625, the facts were similar to those in the instant proceeding. The statute under which the appeal was prosecuted was repealed before the cause was called for trial in the district court, but after the appeal to the district court had been perfected. Referring to the statute which had provided for a right of appeal, the court said: "It being repealed takes away all

right to proceed under it, even in suits pending at the time,'' and the order dismissing the appeal was affirmed. In Colorado the provision for appeals from the county court to the district or superior court is that they may be taken ''in such cases and in such manner as may be prescribed by law.'' In *Callahan* v. *Jennings*, 16 Colo. 471 [27 Pac. 1055], the supreme court of that state, in discussing the effect of the repeal of portions of a statute providing for appellate jurisdiction, said: ''If, therefore, it be true that the statute under which the appeal in the present case to the district court had been perfected was repealed without a saving clause, the right to a trial *de novo* in the latter court was revoked, and its action in dismissing the appeal must be sustained.'' Our statute not only does not contain a saving clause, but expressly states that its provisions shall apply to appeals pending at the time of its enactment.

The superior court entered its order dismissing the appeal. The petitioner insists that if any dismissal was authorized it should have been one of the action, and not of the appeal. However, this point has been passed upon adversely to his contention in *Meier* v. *Superior Court*, 67 Cal. App. 135 [227 Pac. 490]; *Swim* v. *Superior Court*, 193 Cal. 539 [226 Pac. 2]; *Reynolds* v. *Superior Court*, 69 Cal. App. 445 [231 Pac. 354].

The order of the superior court dismissing the appeal is affirmed.

Finlayson, P. J., and Works, J., concurred.