[L. A. No. 8373. In Bank.—February 25, 1925.]

## A. M. ECKARD, Petitioner, v. THE SUPERIOR COURT, etc., et al., Respondents.

[1] DISMISSAL—JUSTICE'S COURT APPEAL—CONSTRUCTION OF SECTION 981A, CODE OF CIVIL PROCEDURE.—In an action properly coming within its purview, section 981a of the Code of Civil Procedure requires the dismissal of the appeal from the justice's court to the superior court, and not the dismissal of the action, and the provisions of the section are mandatory.

[2] ID.—PENDING APPEALS—INTENT OF LEGISLATURE.—The legislative intent to provide for pending appeals in section 981a of the Code of Civil Procedure is evidenced by the proviso that, as to any appeal pending when the act went into effect, a judgment of dismissal should not be entered under the section prior to January 1, 1924, which was intended to allow time for the disposition of appeals pending at the time the act took effect.

[3] APPEALS—JURISDICTION OF SUPERIOR COURT—POWER OF LEGISLATURE.—The legislature has power to prescribe the appellate jurisdiction of superior courts, and section 981a of the Code of Civil Procedure is a legitimate exercise of that power.

[4] ID.—FAILURE TO BRING CASE TO TRIAL IN TIME — DISMISSAL.— Assuming that when an appeal from a justice's court has been set down for trial within the one-year period prescribed by section 981a of the Code of Civil Procedure and a necessary party to the action is unable to be present in court on the day of trial, or on any other day designated by the court for the trial thereof before the expiration of the statutory period, solely because of illness, the court could upon a proper showing continue the trial beyond one year and still preserve its jurisdiction to try the same, where there is no showing that an appealed case could not have been brought to trial with the necessary party in attendance

prior to the expiration of the year, a dismissal of the appeal will be ordered entered, the case not having been brought to trial within that time.

(1) 4 C. J., p. 582, n. 47.   (2) 36 Cyc., p. 1220, n. 22.   (3) 3 C. J., p. 318, n. 47.   (4) 4 C. J., p. 583, n. 51.

PROCEEDING for a Writ of Mandate to compel the dismissal of an appeal from a justice's court. Writ granted.

The facts are stated in the opinion of the court.

Otto & Linn for Petitioner.

W. R. Law for Respondents.

SHENK, J.—This is a petition for a writ of mandate to compel the superior court in and for the county of Los Angeles to enter an order dismissing an appeal from the justice's court in an action wherein the petitioner is plaintiff and Everett P. Wilson and Juanita Wilson are defendants.

The plaintiff in said action obtained a judgment against the defendants therein in the sum of two hundred dollars and costs. The defendant, Juanita Wilson, appealed therefrom. The papers in connection with the appeal were filed with the clerk of the superior court on March 13, 1923. On July 31, 1923, the superior court entered an order setting the case for trial *de novo* on June 2, 1924. On application of the appellant, but over the objection and against the protest of the plaintiff, the court continued the trial of the case to September 23, 1924. On September 17, 1924, the plaintiff served and filed a notice of motion to dismiss the appeal on the ground that the appellant had failed and neglected to bring her appeal to trial within one year from the date of the filing of the notice of appeal in the superior court as required by section 981a of the Code of Civil Procedure. Said motion was based on the papers, records, and files in said action and on an affidavit which disclosed that no written stipulation had been entered into and filed with the clerk of the superior court extending the time of trial beyond the statutory period. On September 22, 1924, the court granted the motion and entered an order dismissing the appeal. Thereafter the court on motion of the appel-

lant, duly noticed, made, and entered an order setting aside
its order dismissing the appeal and a further order refusing
to dismiss the appeal. The present proceeding followed.
It is admitted that the petition states all of the facts ma-
terial to the controversy. One of those facts is that no
written stipulation as required by section 981a of the Code
of Civil Procedure was entered into between the parties and
filed with the clerk of the superior court. The section of
the code referred to provides that: "No action heretofore
or hereafter appealed from the justice court to the superior
court, shall be further prosecuted, and no further proceed-
ings shall be had therein, and all such actions heretofore, or
hereafter appealed, must be dismissed by the court to which
the same shall have been appealed, on its own motion, or
on the motion of any party interested therein, whether named
in the complaint as a party or not, where the appealing
party fails to bring such appeal to trial within one year
from the date of filing such appeal in the superior court,
unless such time be otherwise extended by a written stipu-
lation by the parties to the action filed with the clerk of the
superior court to which the appeal is taken; provided, how-
ever, that in any appeal pending when this section takes
effect, a judgment or dismissal shall not be entered under
the direction hereof sooner than January first, 1924; . . . "

[1] In an action properly coming within its purview the
foregoing section requires the dismissal of the *appeal* and
not the dismissal of the *action* (*Meier* v. *Superior Court,*
67 Cal. App. 135 [227 Pac. 490]; *Reynolds* v. *Superior
Court,* 69 Cal. App. 446, 231 Pac. 354), and the provisions of
the section are mandatory (*Swim* v. *Superior Court,* 193
Cal. 539 [226 Pac. 2]. See, also, *Miller & Lux* v. *Superior
Court,* 192 Cal. 333 [219 Pac. 1006]).

The respondent court vacated its order dismissing the
appeal and thereafter refused to dismiss the same appar-
ently on the theory that the section did not apply to a case
where as here the trial had been set on a day prior to the
effective date of the act, thus following the ruling of the
district court of appeal in *Grafton* v. *Superior Court,* 66
Cal. App. 319 [226 Pac. 9]. [2] But the legislative intent
to provide for pending appeals is evidenced by the proviso
that as to any appeal pending when the act went into effect
a judgment of dismissal should not be entered under the sec-

tion prior to January 1, 1924. This proviso without any doubt was intended to allow time for the disposition of appeals pending at the time the act took effect. No particular significance is to be attached to the fact that the case had been placed on the calendar for trial prior to that date (*Ravn* v. *Planz*, 37 Cal. App. 735 [174 Pac. 690]). **[3]** The legislature has power to prescribe the appellate jurisdiction of superior courts (Const., sec. 5, art. VI), and section 981a is a legitimate exercise of that power (*Pacific Gas etc. Co.* v. *Superior Court*, 70 Cal. App. 200, 232 Pac. 995). Any alleged hardship which may ensue by reason of the mandatory provision of the section is subject to control and correction by the legislature.

**[4]** It was insisted by counsel for appellant on oral argument that the trial of this case was continued to September 23, 1924, upon a sufficient showing that the appellant was ill and could not for that reason be in attendance at the trial. Assuming, but not deciding, that, when an appeal from a justice's court has been set down for trial within the one-year period and a necessary party to the action is unable to be present in court on the day of trial or on any other day designated by the court for the trial thereof before the expiration of the statutory period solely because of illness, the court could upon a proper showing continue the trial beyond the one year and still preserve its jurisdiction to try the same, there is no showing herein that said appeal could not have been brought to trial with the appellant in attendance prior to the expiration of the year, to wit, prior to March 13, 1924.

Let the peremptory writ issue.

Richards, J., Seawell, J., Lawlor, J., Lennon, J., Waste, J., and Myers, C. J., concurred.