[No. B074677. Second Dist., Div. Four. Nov. 2, 1993.]

GUILLERMO ACUNA, Plaintiff and Appellant, v.
GUNDERSON CHEVROLET, INC., Defendant and Respondent.

1468

## COUNSEL

Printemps & Kaufman and Nancy Kaufman for Plaintiff and Appellant.

Moseley & Leech and D. Wayne Leech for Defendant and Respondent.

## OPINION

**WOODS (A. M.), P. J.**—We ordered this small claims case transferred to this court (rule 62, Cal. Rules of Court) after the superior court certified the case (rule 63, Cal. Rules of Court) on the ground that it presents important questions of law which are matters of first impression regarding the extent of the superior court's jurisdiction in a small claims appeal. Those issues are whether an appeal from a judgment rendered in a small claims action may be consolidated with a related case pending in the superior court, and whether the superior court has the power to dismiss the small claims action in its entirety. For reasons explained more fully in this opinion, we hold that the superior court properly concluded that it lacked jurisdiction to make such orders. Therefore, we affirm its order dismissing the appeal in this case and transferring the matter to the small claims court.[1]

I

Appellant Guillermo Acuna filed a small claims action against respondent Gunderson Chevrolet, Inc., seeking damages in the sum of $5,000. He was

---

[1] In addition to the issues which we address in this opinion, the superior court's certification order poses the issue of whether a superior court, at a trial de novo after a small claims appeal, has jurisdiction to dismiss the appeal "in the absence of a request from appellant, appellant's failure to appear, or lack of timely prosecution." We do not resolve this issue because it appears that none of these circumstances occurred in this case. Therefore, we would violate the rule prohibiting advisory opinions (see *People* ex rel. *Lynch* v. *Superior Court* (1970) 1 Cal.3d 910, 912 [83 Cal.Rptr. 670, 464 P.2d 126]), if we were to reach this issue.

awarded judgment in the sum of $3,500. Respondent appealed, and trial de novo was set in the superior court for hearing on January 31, 1992.

Two days before the hearing, appellant filed a complaint against respondent in the superior court seeking rescission of a contract pursuant to which he purchased a car from respondent. The complaint also sought damages for breach of contract, fraud, misrepresentation and concealment.[2]

One day before the hearing on respondent's appeal, counsel substituted in for appellant. On the date set for hearing, appellant requested the court to transfer the small claims action and consolidate it with the recently filed superior court action. The request was denied for lack of jurisdiction. Appellant then requested that his small claims complaint be dismissed without prejudice. This request was orally granted, but the temporary judge inadvertently indicated on the minute order that the appeal had been dismissed and that the matter was referred back to the small claims court.

The superior court granted appellant's application for a nunc pro tunc order correcting the clerical error to show that the small claims complaint (rather than the appeal) was dismissed without prejudice. Thereafter, respondent moved the superior court for an order setting aside the corrected order on the ground that dismissal of the complaint was an act in excess of the superior court's jurisdiction. Respondent requested that the prior order, dismissing the appeal only, be reinstated. Respondent's request was granted, and the order dismissing the appeal and referring the matter to small claims court was reinstated.[3]

---

[2]More specifically, the complaint alleged that on June 2, 1989, plaintiff Guillermo Acuna purchased a used 1988 Hyundai Excel from the defendants pursuant to a written contract and security agreement. The defendants procured a policy of insurance for plaintiff covering property damage to the vehicle. Upon expiration of the policy, plaintiff sought insurance from another carrier. On April 22, 1991, plaintiff discovered that the "subject vehicle had been salvaged when his insurer canceled his policy for that reason." Thereafter, he was unable to insure the vehicle and consequently could not drive it. From May 19, 1991, to July 5, 1991, plaintiff was suspended from his moonlighting job as a driver for Domino's Pizza due to the lack of insurance, causing him to lose wages in the sum of $1,600. The vehicle required repairs costing approximately $600. The balance due and owing on the contract for purchase of the vehicle was $5,660.80. The first and second causes of action alleged that defendants falsely represented that the vehicle "was an ordinary used vehicle, with an ordinary vehicle history" and concealed the fact that the vehicle had been salvaged. The third cause of action alleged that although negotiations were conducted primarily in Spanish, defendants did not provide plaintiff with a Spanish-language translation of the written contract, entitling him to rescission pursuant to Civil Code sections 1632 and 1689. The fourth cause of action alleged that this conduct constituted a breach of contract.

[3]The practical effect of this request was that respondent (who was the appellant in the superior court) joined in appellant's request for dismissal of the appeal. It is for this reason

Appellant then filed a request for certification of this matter to this court. As we have previously recounted, the request was granted, and this court ordered the matter transferred to it.

II

Since this case raises issues concerning the extent of the superior court's power in small claims actions, it is appropriate to begin our review with an overview of the source of that power, the Small Claims Act (Stats. 1990, ch. 1305, § 3), enacted in 1990 and codified at Code of Civil Procedure section 116.110 et seq. The express purpose of the act is to provide a judicial forum in which minor civil disputes can be resolved expeditiously, inexpensively, and fairly. (Code Civ. Proc., § 116.120, subd. (b).) The act vests the Judicial Council with authority to promulgate rules and forms which are consistent with this purpose (Code Civ. Proc., §§ 116.920, subd. (a) and 116.120, subd. (d)) and sets forth jurisdictional limitations for such actions (Code Civ. Proc., § 116.220). Pretrial discovery is not allowed (Code Civ. Proc., § 116.310, subd. (b)) and the hearing is required to be informal (Code Civ. Proc., § 116.510).

A plaintiff who elects to file an action in small claims court has no right to appeal on the plaintiff's claim. (Code Civ. Proc., § 116.710.) Upon appeal by a defendant the matter is heard anew in the superior court. (Code Civ. Proc., § 116.770, subd. (a).) The hearing is to be conducted in the same manner as the original hearing in the justice or municipal court (Code Civ. Proc., § 116.770, subd. (c)), i.e., promptly, fairly and inexpensively (Code Civ. Proc., § 116.510; *Houghtaling* v. *Superior Court* (1993) 17 Cal.App.4th 1128, 1139 [21 Cal.Rptr.2d 855]), except that attorneys may participate in the superior court (Code Civ. Proc., § 116.770, subd. (c)). There is no right to trial by jury, and no tentative decision or statement of decision is required. (Code Civ. Proc., § 116.770, subd. (b); Cal. Rules of Court, rule 155.)

The appeal process may end in one of three ways: (1) abandonment of the appeal by the appellant or by stipulation of the parties (Cal. Rules of Court, rule 155(a) and (b)), (2) dismissal of the appeal upon failure of the appealing party to appear or failure to have the matter heard within one year from the date of filing the notice of appeal (Code Civ. Proc., § 116.795; Cal. Rules of Court, rule 155(c)), or (3) judgment (Code Civ. Proc., § 116.780). The judgment of the superior court on appeal "is final and not appealable." (Code Civ. Proc., § 116.780, subd. (a).) Upon completion of the appeal process, the superior court must order "the appeal and any judgment" to be transferred to

that we decline to reach the issue posed by the superior court's certification as to whether it had jurisdiction to dismiss the appeal "in the absence of a request from appellant . . . ."

the small claims court in which the action was originally filed for purposes of enforcement. (Code Civ. Proc., § 116.780, subd. (d).) If the appeal has been dismissed, the small claims court has the same jurisdiction as if no appeal had been filed. (Code Civ. Proc., § 116.795, subd. (b); Cal. Rules of Court, rule 155(e).)

The limitations imposed on superior courts by this statutory scheme are an exercise of the Legislature's long-acknowledged power to prescribe the appellate court jurisdiction of superior courts. (*Eckard* v. *Superior Court* (1925) 195 Cal. 473, 476 [234 P. 80].) Therefore, our task as a reviewing court is to interpret the statutes so as to give effect to the Legislature's clearly stated intent to create an expeditious and inexpensive method of resolving disputes and to avoid the complexity and delay of ordinary litigation. (*Bruno* v. *Superior Court* (1990) 219 Cal.App.3d 1359, 1362 [269 Cal.Rptr. 142].)

■ Against this background, we turn to the propriety of the superior court's denial of appellant Acuna's request for transfer and consolidation of this small claims matter with another matter pending in the superior court. If the request had been granted, several of the statutory limitations would have been violated including the prohibitions against pretrial discovery, jury trial and a plaintiff's appeal. Such an order would also have violated the requirement that the matter be transferred back to small claims court upon termination of the appellate proceedings. Most importantly, the effect of an order granting consolidation would have been to thrust this action into the morass of superior court litigation, with its attendant delays and complexities, in direct contravention of the Legislature's intent that small claims cases be resolved expeditiously and inexpensively.

Additionally, allowing such transfer and consolidation would create a risk of impermissible forum shopping by a plaintiff dissatisfied with the result obtained in the small claims court. (See *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 81 [293 P.2d 18].) We note, in this regard, that the only circumstances under which a small claims case may be transferred to another court are set forth in Code of Civil Procedure section 116.390 as follows: "If a *defendant* has a claim against a plaintiff that exceeds the jurisdictional limits [of small claims court] . . . and the claim relates to the contract, transaction, matter, or event which is the subject of the plaintiff's claim, the *defendant* may commence an action against the plaintiff in a court of competent jurisdiction and request the small claims court to transfer the small claims action to that court." (Italics added.) The defendant's request must be filed "at or before the time set for the hearing of [the small claims] action" (Code Civ. Proc., § 116.390, subd. (b)), but the transfer shall not be

made "until after a judgment is rendered unless the ends of justice would be served." (Code Civ. Proc., § 116.390, subd. (c).) This grant to a small claims *defendant* of the right to request transfer, and the absence of any similar provision for a small claims *plaintiff*, demonstrates that the Legislature did not intend the plaintiff to have such a privilege. (See *Martinez* v. *Traubner* (1982) 32 Cal.3d 755, 759 [187 Cal.Rptr. 251, 653 P.2d 1046].) ·

For all of these reasons the trial court would have acted in excess of its jurisdiction if it had granted appellant Acuna's request for transfer and consolidation. The motion to consolidate was properly denied.

### III

■ Appellant contends the superior court had jurisdiction to grant his motion for an order dismissing the small claims action because respondent's appeal allegedly vacated the small claims decision under authority of the holding of *L. A. Bond etc. Co.* v. *Superior Court* (1934) 1 Cal.App.2d 634 [37 P.2d 159], and because Code of Civil Procedure section 581, subdivision (c) authorizes dismissal of a complaint by the plaintiff "with or without prejudice prior to the actual commencement of trial."

Neither authority supports appellant's assertion. The case upon which appellant relies, *L. A. Bond etc. Co.* v. *Superior Court, supra*, does contain language indicating that the taking of an appeal from a judgment of small claims court "wip[ed] out the judgment in the small claims court[.]" (1 Cal.App.2d at p. 637.) That case, however, was decided under former statutory provisions governing small claims actions found in Code of Civil Procedure section 924 et seq. Those statutes were repealed in 1933. (Stats. 1933, ch. 743, § 61, p. 1835; Stats. 1933, ch. 744, § 198, p. 1904.) Code of Civil Procedure section 116.810, subdivision (b) presently provides that the judgment of the small claims court is "suspended" during the time for appeal.

As to Code of Civil Procedure section 581, subdivision (c), appellant argues that he was entitled to dismiss his action under this section because no trial had commenced in the superior court at the time he requested dismissal. This argument is flawed. The commencement of trial in a small claims case occurs in the small claims court. Although the appeal consists of a de novo hearing, this fact "does not detract from the appellate character of the proceeding." (*Mumaw* v. *City of Glendale* (1969) 270 Cal.App.2d 454, 460 [76 Cal.Rptr. 245].)

We agree with the respondent's assertion that the superior court's power of dismissal in small claims actions extends only to a dismissal of the appeal, not dismissal of the entire action. This limitation is implicit in the Legislature's specifications of the circumstances under which an appeal may be

dismissed (Code Civ. Proc., § 116.795; see also Cal. Rules of Court, rule 155) and its omission of any circumstances under which the superior court may dismiss the entire action. (See *Eckard* v. *Superior Court, supra,* 195 Cal. at p. 475.)

Persuasive authority for this conclusion is also found in *Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334 [189 Cal.Rptr. 450], in which the plaintiff voluntarily dismissed its superior court action without prejudice after having requested a trial de novo following a judicial arbitration award rendered in favor of the defendants. The trial court denied the defendants' request for judgment based on the arbitration award and its alternative request for dismissal with prejudice. The reviewing court reversed, reasoning that to allow voluntary dismissal by plaintiff would defeat the purpose of the Judicial Arbitration Act which was to expedite resolution of small civil claims by removing them from the complexities of the judicial process. (140 Cal.App.3d at p. 339.)

Appellant argues that if, in light of this holding, the Legislature had considered it necessary to restrict a plaintiff's right to dismiss small claims actions, it could have done so. This argument is illogical. The holding of *Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, implemented the Legislature's intent to provide a forum for the expeditious handling of minor civil disputes. There was no need for the Legislature to anticipate any different result under the Small Claims Act, and accordingly, no need for it to enact further legislation to accomplish its intent. Here, as in the *Herbert Hawkins* case, it would defeat the legislative purpose if a plaintiff were allowed to voluntarily dismiss after a hearing has been conducted in small claims court.

Therefore, we conclude the superior court properly vacated its order purporting to dismiss the small claims action, and replacing it with an order dismissing the appeal.

For all of the foregoing reasons, the order of the superior court is affirmed and the matter is remanded to the superior court for transfer to the municipal court pursuant to Code of Civil Procedure section 116.780, subdivision (d). Each party to bear its own costs in this appeal.

Vogel (C. S.), J., and Rappe, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied January 20, 1994.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.