[Civ. No. 4939.   Second Appellate District, Division Two.—March 6, 1925.]

EMMA HOOPES et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT — APPEAL—DISMISSAL—STIPULATIONS—RECORD. — In a proceeding in *mandamus* to compel the dismissal of a justice's court appeal for failure to bring the cause on for hearing within the time prescribed by section 981a of the Code of Civil

Procedure, the appellate court cannot recognize, or be influenced by, any stipulation which does not appear to have been filed or entered in the minutes of the superior court.

[2] ID.—BRINGING CASE TO TRIAL—SETTING OF CAUSE.—A case which is merely brought to the point of having been set for trial, and is then dropped from the calendar, cannot be said to have been brought to trial.

[3] ID.—DELAY IN BRINGING TO TRIAL—DISMISSAL.—Where, prior to the enactment of section 981a of the Code of Civil Procedure, a case which had been appealed from the justice's court to the superior court was set for trial and then dropped from the calendar and thereafter, and after the adoption of such code section, but prior to January 1, 1924, the case was caused to be set for trial on a date about eleven months hence, it was the duty of the superior court to dismiss the appeal.

---

(1) 35 **C. J.**, p. 812, n. 64.    (2) 35 **C. J.**, p. 812, n. 64.    (3) 35 **C. J.**, p. 812, n. 64.

PROCEEDING in Mandamus to compel the dismissal of a Justice's Court appeal.   Peremptory writ granted.

The facts are stated in the opinion of the court.

Thos. H. Cornell for Petitioners.

Gerecht & Hall, E. F. Gerecht and C. W. Hall for Respondents.

CRAIG, J.—The petitioners were defendants in an action filed by one Joe Firman in the justice's court of Los Angeles township; judgment having gone in their favor, Firman appealed to the superior court on May 19, 1921. On July 29, 1921, the plaintiff caused his appeal to be set for trial *de novo* on December 8, 1921, at which time it was continued to the ninth day of February, 1922, and on this latter date the case was dropped from the calendar. No further proceedings were had therein until January 19, 1923, when the plaintiff had said case restored to the calendar and it was then set for trial on October 2, 1923, at which time it was again dropped from the calendar.   On November 13, 1923, plaintiff caused the same to be placed upon the calendar and reset for trial November 10, 1924.

On the twenty-ninth day of September, 1924, pursuant to notice, the petitioners moved the superior court to dismiss said appeal upon the ground that the plaintiff had failed to bring the same to trial within one year from the date on which it was filed, or at any other time prior to January 1, 1924, and that the time for trial had not been extended by stipulation in writing filed with the clerk.

The motion to dismiss was opposed by affidavit of plaintiff's counsel, wherein he averred that "the above entitled action has been set for trial in Department 13 for the 2nd day of October, 1923, within a year of the date of appeal from the justice court and prior to the 1st day of January, 1924." It was further alleged therein that the case was called for trial on the second day of October, 1923, and that the plaintiff was present in court with his counsel and witnesses, and answered ready for trial, but that with permission of the court the parties retired from the room for the purpose of attempting to arrive at a compromise; that the defendants' petitioners herein then and there orally agreed to pay to the plaintiff one hundred dollars in full settlement of his claim, including costs, whereupon the parties returned to the courtroom and verbally stipulated to that effect; that the said defendants did not pay said or any amount, as agreed, and that said appeal should not be dismissed for the reason that the same was brought to trial, and would have been tried, but for the stipulation mentioned.

Petitioners filed an affidavit denying that said appeal was brought to trial within one year from the date the same was filed, or that they ever stipulated or agreed to compromise the case, or to pay the plaintiff any amount, and alleging that no extension of time had ever been stipulated in writing.

The trial court denied the motion to dismiss the appeal, whereupon the defendants petitioned this court for a writ of mandate directing the court below to dismiss the same, and an alternative writ was issued.

The motion here under consideration was based upon section 981a of the Code of Civil Procedure, which was approved June 14, 1923, and provides as follows: "No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no fur-

ther proceedings shall be had therein, and all such actions heretofore, or hereafter appealed must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken; provided, however, that in any appeal pending when this section takes effect, a judgment or dismissal shall not be entered under the direction hereof sooner than January first, 1924; and provided, further, that any superior court may, by existing rule or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year.''

It is obvious that since the appeal was perfected in 1921, the setting for October 2, 1923, was not ''within a year of the date of the appeal,'' as stated in the plaintiff's affidavit. It had, however, previously been set for trial December 8, 1921, and was then continued to February 9, 1922, when it went off the calendar. Prior to the enactment of the statute above quoted, the action was reset for October 2, 1923, and had it not been dropped we would not hesitate to hold under the authority of *Grafton* v. *Superior Court,* 66 Cal. App. 319 [226 Pac. 9], that section 981a of the Code of Civil Procedure did not apply, since the case was there already set and awaiting trial when said section became effective.

[1] Neither the minutes of the superior court nor any stipulation in writing appears to show that the parties at any time agreed upon a continuance or an extension of time. It is provided by section 283 of the Code of Civil Procedure that an attorney or counselor is vested with authority ''to bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise.'' And, as was said in *Swim* v. *Superior Court,* 193 Cal. 539 [226 Pac. 2]: ''The facts alleged in defendant's affidavit above quoted amount to nothing more than an assertion that a verbal stipulation was entered into by and between the parties to

the effect that further proceedings in the action should be indefinitely postponed. . . . In the face of the plain and unambiguous language used in the code section above quoted, clearly evidencing the legislative intent to require written stipulation filed with the clerk of the superior court for the purpose of extending the time for bringing the case to trial, we cannot say that a verbal stipulation should be permitted to answer the same purpose. . . . He must be assumed to have entered into the agreement with the plaintiff with the knowledge of the statutory provision which required nothing less than a written stipulation to protect him from the liability to a dismissal.''

We cannot, therefore, recognize, or be influenced by, any stipulation which does not appear to have been filed or entered in the minutes of the court below. The fact is vital to a decision of this matter that although the case at bar was set for trial prior to the enactment of section 981a of the Code of Civil Procedure, it was not tried pursuant to such setting, but was dropped from the calendar. That section requires that unless an action theretofore or thereafter appealed shall have been brought to trial within the period of time specified, it must be dismissed. **[2]** A case which is merely brought to the point of having been set and is then dropped cannot be said to have been brought to trial. In *Boyd* v. *Southern Pac. Co.*, 185 Cal. 344 [197 Pac. 58], it was said:

''The mandatory character of these provisions of the statute is evident, and our decisions have held that such is in fact their character. (*Larkin* v. *Superior Court*, 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841].) In the present case, the action was once set for trial at a time something over a year after the issue joined by answer, but the trial date was continued indefinitely by stipulation. Some years later and a few months before the expiration of the five-year period, the plaintiff moved that the cause be set again for trial, and this was done but for a date after the expiration of the period. Upon the expiration of the period and before the trial date, the defendant moved that the action be dismissed, and the order of dismissal was made.

''The contentions of the plaintiff are two. The first is that the cause was 'brought to trial,' within the meaning of

the statute, when it was set for trial, although the date set as the actual trial date was later. Counsel's argument is that when the plaintiff applied to have the cause set he had done all that he could do, that the fixing of the date at which it would be tried was wholly in the power of the court and beyond the plaintiff's control, and that the expression 'brought to trial' should be taken to mean only that which the plaintiff could control, and for which alone, therefore, he should be held responsible. But the meaning of the expression 'brought to trial' seems to us too plain to be in doubt. The trial of an action and the setting of it for trial are quite distinct things, and an action is certainly not brought to trial until the trial is commenced.''

[3] It is manifest that while the plaintiff herein had set his case, and was entitled to try it when the section in question took effect, he did not see fit to avail himself of the opportunity to do so, but permitted it to be removed from the court's calendar and hence to lapse into the category of the actions specifically barred thereby. It then occupied the same status as though it had never been set. On the thirteenth day of November, 1923, therefore Firman's counsel undertook to set for November 10, 1924, a case which had been appealed before the enactment of said statute, and which had not been brought to trial within one year from the time that the same was filed in the superior court on appeal.

*Ravn* v. *Planz*, 37 Cal. App. 735 [174 Pac. 690], involved the question of continuances by a trial court, upon motion of the defendant, without fault of the plaintiff, and it was there said: ''This action was not brought to trial within the designated time, and it is not claimed that the parties entered into a stipulation in writing extending the time within which it might be tried. To save this case from the operation of the statute, the plaintiff shows that on several occasions the trial of the action was postponed upon the motion of defendant, and that upon a date within about six months prior to the expiration of the five years after the case was at issue, it being then upon the calendar for trial, he appeared in court with his counsel and witnesses ready to proceed; but upon motion of the defendant and over his objection, a further postponement of the trial was

granted. Later the case was again called for trial, when a motion to dismiss was made by the defendant and granted.

"The provision of section 583 above set forth is manda-tory. (*Romero* v. *Snyder*, 167 Cal. 216 [138 Pac. 1002]; *Larkin* v. *Superior Court*, 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841].) The circumstance, therefore, that the trial of the cause was postponed several times without plain-tiff's consent, one of those occasions being a relatively short time before the date when the defendant would be entitled to require the court to dismiss the action, is a matter of no significance. Courts are, of course, loth to deny a litigant a trial upon the merits; but the section of the Code of Civil Procedure above recited directs in plain terms that it shall be done when a case falls within the conditions stated, and the present is such a case. The trial court had no dis-cretion. The motion being made, its duty was to dismiss. To relax the rule to cover hard cases would be to set at naught the express will of the legislature."

Section 981a of the Code of Civil Procedure is no less mandatory than section 583 of the same code, and a motion made two and one-half years after date of appeal, which resulted in setting the same for trial three and one-half years from such date, is clearly within the express inhibition of the statute.

The peremptory writ of mandate is therefore granted and the superior court is directed to dismiss the appeal.

Finlayson, P. J., and Works, J., concurred.