[L. A. No. 12502. In Bank.—January 22, 1931.]

EARL J. CHURCH, Petitioner, v. THE BOARD OF SUPERVISORS OF FRESNO COUNTY et al., Respondents.

B. W. Gearhart, David E. Peckinpah and Loren A. Butts for Petitioner.

Glenn M. De Vore, District Attorney, and Arthur C. Shepard, Deputy District Attorney, for Respondents.

John F. Groene as *Amicus Curiae.*

RICHARDS, J.—Application for writ of mandate to issue herein, directed to the Board of Supervisors of the County of Fresno and the members thereof, requiring them and each of them to take action in the matter of the appointment of some competent person as justice of the peace of the city of Fresno, to fill the vacancy alleged to exist in such office. The answer of the respondent to the order to show cause issued herein is to the effect that there is no such existing office in said city, and hence no vacancy to fill which the respondents should be commanded by said writ.

██ The single question presented for consideration herein is as to whether by the terms of the city charter of the city of Fresno a city police court has been created, the jurisdiction of which and of the judge thereof was made equal and coextensive with that which would be exercised, and prior to the enactment of said provision of the city charter had been exercised, by a city justice's court and judge thereof existing and acting under the provisions of section 103 of the Code of Civil Procedure. We do not deem it necessary to again review the recent decision of the District Court of Appeal in the case of *Robertson* v. *Langford,* 95 Cal. App. 414 [273 Pac. 150], or *Ex parte Romero,* 207 Cal. 341 [278 Pac. 430], or *In re Lovall,* 207 Cal. 544 [279 Pac. 452], or *Proctor* v. *Justice Court of City of Berkeley,* 209 Cal. 39 [285 Pac. 312], or *Antilla* v. *Justice Court,* 209 Cal. 621 [290 Pac. 43], since it is conceded that the effect of these decisions is to establish the proposition that unless the charter of a city in its attempted creation of a city police court therein shall invest such court with a jurisdiction which shall in all respects be coextensive with that with which city justices' courts theretofore existing therein under the provisions of section 103 of the Code of Civil Procedure possessed and exercised, such city justice's court would not be supplanted thereby, but would continue to exist and function notwithstanding the provisions of such charter creating such police courts therein. The foregoing proposition having been thus established and conceded, it only remains for us to examine the provisions of the charter of the city of Fresno relating to the establishment of a city police court therein in the light of such provisions found in the city charters of those other cities which came under review in the foregoing decisions in order to determine whether and to what extent the provisions of the charter of the city of Fresno are affected thereby. The Fresno city charter by the provisions of section 74 of article VIII, after providing for the establishment of a city police court within said city, proceeds to state: "Within the city limits, said court shall have concurrent jurisdiction with township justices' courts in all matters and things in which said justice courts now or hereafter may have jurisdiction; and said police court shall have in addition to the special

jurisdiction conferred in this article, like authority, power and jurisdiction in the city as now or hereafter may be conferred upon township justices' courts.'' When the above provision is compared with the like provisions of those other city charters which came under review in the foregoing decisions it will be found that it is substantially identical with the provisions of the charter of the city of Richmond, and to be quite similar in its substance and effect to the charter of the city of Stockton. The Fresno city charter and the Richmond city charter each employed the phrase ''within the city limits said court shall have concurrent jurisdiction with township justices' courts,'' etc. The Fresno charter goes somewhat further in providing that the police court thereby established shall have ''like authority, power and jurisdiction *in the city* as now or hereafter may be conferred upon township justices' courts''. The Stockton charter employs a somewhat different phraseology in providing that the police court in said city ''shall have exclusive jurisdiction of all misdemeanors . . . committed within the corporate limits of the city'', and further providing that said police court shall have jurisdiction in all civil cases concurrently with the justice courts in ''all actions and proceedings arising within the corporate limits of the city''. We are unable to discover any substantial dissimilarity between the provisions of these three charters as the same are above set forth, and this being so, we are of the opinion that our decision in the matter of *Ex parte Romero, supra,* and particularly, our most recent decision in the matter of *Ex parte Lovall, supra,* have full and direct application to the question presented in the instant proceeding, and hence it must be concluded that the city justice court in and for the city of Fresno, created under the provisions of section 103 of the Code of Civil Procedure, continues to exist and should be permitted and equipped to function notwithstanding the aforesaid provision of the city charter of Fresno creating a city police court therein.

It follows that the petitioner is entitled to the issuance of a writ of mandate in accordance with the prayer of his petition. Let the writ issue accordingly.

Shenk, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.