[Civ. No. 730. Fourth Appellate District.—October 20, 1931.]

C. S. CHAPMAN, Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

David E. Peckinpah and Bert M. Green for Petitioner.

Henry A. Hunter for Respondents.

BARNARD, P. J.—This is an application for a writ of mandate to compel the Superior Court of Fresno County to dismiss an appeal from a justice's court.

It appears from the stipulated facts that on February 6, 1928, an action was brought in the Justice's Court of the City of Fresno by the Fresno Investment Company, a corporation, against C. S. Chapman, the petitioner herein, to recover $173.85; that a trial was had resulting in a judgment for the defendant; that within the time allowed by law and during the month of December, 1928, the plaintiff in that action duly perfected an appeal to the Superior Court of Fresno County; that on March 1, 1929, on motion of the plaintiff, the appealed cause was set for trial in the Superior Court on April 18, 1929; and that on March 22, 1929, the court granted a motion made by the defendant to dismiss the appeal, the motion having been made upon the.ground that the appeal was from the judgment of a purported court which had no legal existence, and that at the time the judg-

ment was rendered the said court had no jurisdiction to render any judgment whatsoever. In this connection it is stipulated that on February 23, 1929, one Earl J. Church, who had been presiding over the Justice's Court of the City of Fresno, and who had rendered the judgment appealed, voluntarily vacated the office of justice of the peace of the said justice's court, for the reason that the auditor of Fresno County had refused to pay his salary, this refusal being based upon the advice of the district attorney of Fresno County to the effect that said justice's court had no legal existence. It is further stipulated that the office of justice of the peace of the city Justice's Court of Fresno remained vacant from February 23, 1929, to and including March 16, 1931, when it was "reestablished" pursuant to an order of the board of supervisors of Fresno County. It is further stipulated that such re-establishment followed a writ of mandate issued by the Supreme Court of California. (*Church* v. *Board of Supervisors,* 211 Cal. 367 [295 Pac. 516].) On April 1, 1931, the Fresno Investment Company filed a notice of motion to vacate the order dismissing the appeal from the justice's court upon the grounds that the judgment appealed from was a legal judgment and that the superior court had jurisdiction of the appeal, and that the previous order of said superior court dismissing said appeal was a nullity. After a hearing, this motion was granted and an order made on April 3, 1931, vacating and setting aside the previous order dismissing the appeal. On April 16, 1931, this petitioner filed notice of motion to dismiss the appeal upon the ground that the same had not been brought to trial within the period of one year. On May 26, 1931, an order was made by the superior court denying this motion. It further appears that this petitioner has not signed or filed any written stipulation extending the time for hearing said appeal.

The only question here presented is whether, under the terms of section 981a of the Code of Civil Procedure, this petitioner is entitled to have the appeal from the justice's court dismissed, the same not having been brought to trial within one year. That section provides that no action thus appealed shall be further prosecuted, that no further proceedings shall be had therein, and that the appeal must be dismissed where the appealing party fails to bring such appeal to trial within one year from the date of filing the

same in the superior court, unless such time be extended by written stipulation filed with the clerk of the court to which the appeal is taken. The provisions of this section have frequently been held to be mandatory. (*Swim* v. *Superior Court,* 193 Cal. 539 [226 Pac. 2]; *Eckard* v. *Superior Court,* 195 Cal. 473 [234 Pac. 80]; *Hoopes* v. *Superior Court,* 71 Cal. App. 564 [235 Pac. 739]; *Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841].) The question now presented is whether the facts here shown constitute an exception to the general rule. In behalf of respondents it is urged that the appealing party in the action referred to has not failed to comply with the section in question, since the time limitation of that section was suspended during the time intervening between the date when the appeal was ordered dismissed and the date when that order was set aside.

It must be conceded that the order made on March 22, 1929, dismissing the appeal was erroneously entered. If made in time, the order of April 3, 1931, vacating the previous order dismissing the appeal would have been proper. (*Edwards* v. *Superior Court,* 159 Cal. 710 [115 Pac. 649].) In the case just cited it was held that a superior court has jurisdiction to vacate an order dismissing an appeal from a justice's court in a case where the appeal has been erroneously dismissed. This case, however, is not authority for the proposition that such a proceeding is proper after the period of one year referred to in said section 981a has elapsed. It would seem that the application for and the order vacating the previous order was a "further proceeding" in the action. But any "further proceeding" is prohibited by the statute, after the expiration of one year. It has been held that this prohibition against further action deprives the court of authority to take any action in the case other than to dismiss the appeal. (*Napolitano* v. *Superior Court,* 81 Cal. App. 639 [254 Pac. 647].) We are of the opinion that under the terms of the statute, the respondent court had no power to make the order of April 3, 1931, vacating its previous order dismissing the appeal. Having made this order, however, and having subsequently entered an order refusing to dismiss the appeal, and more than two years having elapsed since the appeal was perfected and no written stipulation, in accordance with section 981a

of the Code of Civil Procedure, having been filed with the clerk of the superior court, a writ of mandate will issue to compel the dismissal of the appeal in question. (*Eckard* v. *Superior Court, supra.*)

While the order of March 22, 1929, was erroneous, it did not have the effect of suspending the operation of the statute. Nor was the appealing party without remedy. At the time this order was made only about three months of the year had elapsed. The superior court could have been compelled by writ of mandate to hear the appeal. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978].) However, the party aggrieved by the order did not avail himself of this remedy, and in fact took no steps to protect himself for more than two years. The statute in question makes no provision for an exception to the rule, in case the delay occurs without fault on the part of the appellant, and in spite of the fact that he has done all within his power. Even if it should be assumed that it is within the power of a court to make such an exception, no such a situation here appears. In our opinion, the facts before us do not constitute an exception to the general rule.

The order made by the respondent court on May 26, 1931, denying a motion to dismiss the appeal in question should therefore be annulled and a writ should issue requiring the respondent court to make and enter an order dismissing the appeal.

Let the peremptory writ issue.

Jennings, J., and Allison, J., *pro tem.,* concurred.