

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 30, 1987

Honorable J. Collier Adams, Jr.
Cochran County Attorney
109 West Washington
Morton, Texas    79346

Honorable Gale Warren
Erath County Attorney
Courthouse
Stephenville, Texas    76401

Opinion No.  JM-819

Re:  Reconsideration of Attorney General Opinion JM-422: Whether the same person may serve as justice of the peace and part time appointed municipal judge of a city within the same county precinct

Gentlemen:

You have requested that we reconsider the second question addressed in Attorney General Opinion JM-422 (1986). This office was asked whether a person appointed justice of the peace may serve simultaneously as part time appointed municipal judge for a city located in the precinct. Attorney General Opinion JM-422 concluded that the common law doctrine of incompatibility prevented a justice of the peace from serving as a municipal judge under these circumstances. Upon reviewing this question, and considering legal arguments submitted after Attorney General Opinion JM-422 was issued, we have concluded that that question was incorrectly decided.

Article V, section 18, of the Texas Constitution provides that a justice of the peace shall be elected in each of the precincts into which a county is divided, except that two justices of the peace shall be elected in any precinct in which there is a city of 18,000 or more inhabitants. See Attorney General Opinion JM-174 (1984). Article V, section 19, of the Texas Constitution provides that:

> Sec. 19.  Justice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is

two hundred dollars or less, and such other jurisdiction as may be provided by law.

Section 29.002 of the Government Code creates a municipal court in each incorporated municipality. The municipal court has exclusive original jurisdiction within the territorial limits of the city of all criminal cases arising under the city's ordinances and punishable by a fine within the limits set out in section 29.003(a)(2) of the Government Code. See also Acts 1987, 70th Leg., ch. 680, §3, at 5073, 5074-75 (amending §29.003(a)(2) of the Government Code to increase amount of fine within municipal court's jurisdiction); Acts 1987, 70th Leg., ch. 641, at 4880 (amending §29.003 of the Government Code to give municipal court jurisdiction in forfeiture of bail bonds and personal bonds taken in criminal cases of which the court has jurisdiction). Section 29.003(b) of the Government Code states the municipal court's concurrent jurisdiction with the justice court:

(b) The municipal court has concurrent jurisdiction with the justice court of a precinct in which the municipality is located in all criminal cases arising under state law that:

(1) arise within the territorial limits of the municipality; and

(2) are punishable only by a fine not to exceed $200. (Emphasis added.)

Gov't Code §29.003(b). Attorney General Opinion JM-422 concluded that the concurrent jurisdiction of the justice court and the municipal court of a city located within the justice precinct made the two offices incompatible. This conclusion did not apply to an individual who serves as municipal judge of a city located in one county precinct and as a justice of the peace in another precinct. See generally Gov't Code §29.004(a) (municipal judge of home rule city selected under city charter provisions); §30.204(b) (judge of Longview municipal court of record need not be resident of city); §30.294(b) (judge of Marshall municipal court of record need not be resident of city). Attorney General Opinion JM-422 addressed the question asked, and its answer was limited to the circumstances stated in that question.

Honorable J. Collier Adams, Jr. (JM-819)
Honorable Gale Warren
Page 3

Turning to your request for reconsideration, we believe that this opinion incorrectly applied the test for incompatibility to the holding of these two offices. The common law doctrine of incompatibility prevents one person from holding two offices if the duties are inconsistent or in conflict, or if one office is subordinate to the other. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927, judgment adopted). Attorney General Opinion JM-422 described the incompatibility between the two judicial posts as follows:

Courts of concurrent jurisdiction may waive their jurisdiction in favor of each other with respect to particular cases. Flores v. State, 487 S.W.2d 122 (Tex. Crim. App. 1972). If one person acted as both justice of the peace and city judge at the same time, it would be within his power to manipulate the income of the courts over which he presided to the advantage or disadvantage of either the county or the city -- to both of which he would owe a duty of collection. The reason is, justices of the peace are required to account to the county treasurer for the fines collected by his court, whereas fines collected by city judges go into city coffers. See V.T.C.S. art. 1619; Code Crim. Proc. art. 45.06. By waiving the jurisdiction of the court in favor of the other court, the 'justice of the peace/city judge' could enrich one governmental entity at the expense of the other, depending, perhaps, on which of them used such fees to compensate the officer collecting them. Cf. Attorney General Opinion C-718 (1966).

It is not correct, therefore, to say that neither court has any right or power to interfere with the other.

Attorney General Opinion JM-422 at 5.

The relevant discussion in Flores v. State, 487 S.W.2d 122 (Tex. Crim. App.) concerns article 4.16 of the Code of Criminal Procedure, which provides:

When two or more courts have concurrent jurisdiction of any criminal offense, the

> court in which an indictment or a complaint
> shall first be filed shall retain
> jurisdiction except as provided in Article
> 4.12 [precinct in which defendant is to be
> tried in justice court].

Code Crim. Proc. art. 4.16. <u>Flores</u> said that the first court legally taking jurisdiction of an offense continues to have exclusive jurisdiction thereof, but the jurisdiction can be voluntarily surrendered by dismissal of the charge, and the second court may proceed to try the alleged offender. It pointed out that article 4.16 of the Code of Criminal Procedure was intended to prevent any confusion or contention between different courts having concurrent jurisdiction.

On reconsideration, we do not believe that the offices of municipal judge and justice of the peace are rendered incompatible by virtue of article 4.16 of the Code of Criminal Procedure. The judge does not control the filing of a complaint. The complainant, who may be a law enforcement officer, a prosecutor, or a private citizen, files the complaint and determines which of two courts with concurrent jurisdiction will have jurisdiction of the case. <u>See</u> Code of Crim. Proc. arts. 2.13, 15.04, 15.05, 45.01, 45.13, 45.16, 45.17. <u>See, e.g.</u>, Attorney General Opinion C-718 (1966); O-3969 (1941).

To manipulate the income of the courts, the office holder would have to refuse to file complaints in one court and instruct the complainant to file in the other. If he did so, he would not in fact be performing the duties of either office. The legally required duties of the offices are not in conflict despite the possibility of such conduct on the part of the officeholder.

None of the authorities cited in Attorney General Opinion JM-422 state reasons why the concurrent jurisdiction of two courts would bring the duties of the two judicial officers into conflict. Two 1913 opinions stated without explanation that the offices would be incompatible because of their concurrent jurisdiction. Attorney General Opinion (to Mr. A.C. Dunn, March 14, 1913); Attorney General Opinion (to Hon. Philip P. Long, October 3, 1913); 1912-1914 Biennial Report of the Attorney General 722-24. Attorney General Opinion O-2055 (1940), however, concluded that the concurrent jurisdiction exercised by the justice court and the

municipal court did not render the offices incompatible because:

> Neither office is accountable to, under the dominion of, or subordinate to the other; <u>neither has any right or power to interfere with the other in the performance of any duty</u>. An appeal from either court has no relation to the other, but is independently to other courts. (Emphasis added.)

Attorney General Opinion O-2055 (1940).

Attorney General Opinion JM-422 gave another reason for concluding that a municipal judge could not serve as a justice of the peace with concurrent jurisdiction. It relied on Attorney General Opinion WW-1359 (1962) which held that one person might not hold the office of justice of the peace, precinct 1, place 1 and the office of justice of the peace, precinct 1, place 2 at the same time. The 1962 opinion stated as follows:

> There have been a number of cases and Attorney General's Opinions which hold that one person may hold one of the enumerated offices in Section 40, Article XVI, Texas Constitution, and some other office of a different character, so long as the two offices are not incompatible. But we have no case which holds that one person may hold the two offices of Justice of the Peace within the same precinct at the same time. Section 18, Article V, Texas Constitution, states that in Justice precincts in which there may be a city of 8,000 inhabitants, 'there shall be elected two Justices of the Peace.' If Judge George could hold both offices at the same time, it would not comply with the requirement of 'two' Justices of the Peace. The number of Justices of the Peace in Precinct 1 may be reduced to a single Justice of the Peace, but this can only be done by the Commissioners Court. <u>Meridith v. Sharp</u>, <u>supra</u>. Since the Commissioners Court of Denton County has not yet seen fit so to do, we must construe Sec. 40, Art. XVI, and Sec. 18, Art. V, Texas Constitution, together, and hold that while a Justice of the Peace

> may hold some other office not incompatible
> with the office of Justice of the Peace, he
> may not hold the offices of Justice of the
> Peace, Precinct 1, Place 1 and Justice of
> the Peace, Precinct 1, Place 2 at the same
> time.

Attorney General Opinion WW-1359 at 6.

Attorney General Opinion WW-1359 did not state that the offices of the justice of the peace, precinct 1, place 1 and justice of the peace, precinct 1, place 2 were incompatible. The references as to incompatibility may have merely stated the usual rule on dual office holding, as background for the particular case under consideration. See, e.g., Attorney General Opinion O-982 (1939).

The instance of dual office-holding under discussion in Attorney General Opinion WW-1359 does not in fact violate the common law doctrine of incompatibility as recognized in Texas. See Attorney General Opinion JM-203 (1984); Letter Advisory No. 114 (1975) and authorities cited therein. The two offices at issue in Attorney General Opinion WW-1359 did not involve conflicting duties, subordination of one office to another or partially overlapping jurisdiction. There was instead a virtual identity of the duties and jurisdiction of the two offices. If one person were to hold both place 1 and place 2 in the same justice precinct, the offices would in effect be consolidated, and place 2 would be abolished, in violation of the constitutional requirement that two justices of the peace be elected in precincts wherein a city of 8,000 was located. See Attorney General Opinion JM-174 (1984) (discussing 1983 amendment to article V, section 18, of the Texas Constitution, which increased city size to 18,000 and explaining role of commissioners court in determining city size). The provision of an extra justice in a precinct with a city of a certain size probably reflects the practical need for judicial services in an' area of population concentration. The time restraints that might prevent one person from doing two full-time jobs would be relevant in this case, although they are not relevant to common law incompatibility. See Attorney General Opinion V-303 (1947). In our opinion, Attorney General Opinion WW-1359 did not overrrule Attorney General Opinion O-2055 sub silentio, but instead dealt with a different dual office holding problem. We withdraw the overruling of Attorney General Opinion O-2055 by Attorney General Opinion JM-422.

Attorney General Opinion JM-422 cites <u>People ex rel Goodell v. Garrett</u>, 237 P. 829 (Cal. Dist. Ct. App. 1925) and <u>State ex rel. Knox v. Hadley</u>, 7 Wis. 700 (1860) as using reasoning similar to that in Attorney General Opinion WW-1359 to hold that one person could not at the same time serve as a justice of the peace and a city judge with overlapping jurisdiction. The "justices of the peace" in these two cases were, however, elected from the same geographical area as the city judges. They were not justices of the peace elected by the voters of a county precinct. <u>State ex rel. Knox v. Hadley</u> determined that one person could not serve as "police justice" of the city and at the same time serve as a justice of the peace of that city. The city elected three justices of the peace who were ward officers, and a police justice who served the entire city. The court stated as follows:

> We consider that the two offices are clearly <u>incompatible</u> with each other, and that one person cannot and should not hold both of them at the same time. In the plainest terms the charter gives the city four judicial officers of the grade of justice of the peace; while if the relator could make good his right to the office of police justice, it would in fact have but three. (Emphasis added).

7 Wis. at 707.

The court distinguished a Pennsylvania case which held that the offices of associate judge of common pleas and justice of the peace were not incompatible, stating that it was not analogous to the present case. <u>Id.</u> (citing <u>Commonwealth of Pennsylvania v. Sheriff of Northumberland County, Pa.</u>, 4 Serg. & Rawl. 275). The court described the office of police justice and ward justice of the peace as incompatible, but it was their similarity, and not their conflicting duties, which prevented one person from holding both offices. <u>State ex rel. Knox v. Hadley</u> and Attorney General Opinion WW-1359 both deal with the same kind of dual office holding, while the case before us is distinguishable.

In <u>People ex rel. Goodell v. Garrett</u>, a California court concluded that one person could not serve as justice of the peace of Santa Monica township and at the same time as the police judge or "city justice of the peace" of the city of Santa Monica. 237 at 832. A township in

California is a legislatively created subdivision of a county with certain powers of local government. People v. Taylor, 120 Cal. Rptr. 762, 773, n. 21 (Cal. Ct. App. 1975). When People ex rel. Goodell v. Garrett was decided, townships were the site of justices' courts. Id. The civil jurisdiction of the police court of Santa Monica was "coextensive with that of the Santa Monica township court." People ex rel. Goodell v. Garrett, 237 P. at 829. "Coextensive" means "having the same spatial or temporal scope or boundaries." Webster's Ninth New Collegiate Dictionary 256 (1983). It is possible that the boundaries of the city court and township court coincided. See generally Ex parte Romero, 278 P. 430 (Cal. 1929) (discussing distinction between township justice court and justice court of city having the same boundaries as township).

Even if the city and township boundaries did not in fact coincide, the court did not regard any difference as important. In announcing its conclusion, the court said that "the people of Santa Monica, speaking of the place as both a city and a township, are entitled" to two judicial officers, not to two courts presided over by the same person. 237 P. at 832 (emphasis added). Thus, the California case follows the pattern of State ex rel. Knox v. Hadley and Attorney General Opinion WW-1359: the people of a single jurisdiction are deprived of two officers to which the statute entitles them.

The California court's statements on what did not constitute incompatibility are noteworthy. It reviewed the qualifications for holding each office, the requirements as to when the courts had to be open to transact business, and the concurrent and exclusive jurisdiction of each court. It then stated:

> The foregoing will exhibit some of the differences between the two tribunals over which respondent now presides, and it must be admitted that under the many authorities bearing upon the subject they probably furnish little, if any, weight in impelling to the view that the two offices are not compatible. (Emphasis added.)

237 P. at 832. Thus, the concurrent jurisdiction of the two courts furnished "little, if any, weight" for the conclusion that the offices were incompatible. The court instead relied on a statute which provided that the

officers of a township included two justices of the peace, or, in townships containing cities in which police judges were elected, one justice of the peace. Id. The court concluded that the people of Santa Monica, speaking of it "as both a city and a township," were entitled to have two officers and not one officer exercising two offices.

Attorney General Opinion WW-1359 is thus consistent with out-of-state cases protecting the residents of a single jurisdiction in their right to have the exact number of local judicial officers to which a statute entitles them. See also In re Corum, 62 P. 661 (Kan. 1900) (statutory prohibition against one person holding office of police judge and justice of the peace at the same time); but see State ex rel. Crawford v. Anderson, 136 N.W. 128 (Iowa 1912) (one person could not serve as mayor-judge of incorporated city and as justice of peace of township not coextensive with city). The Attorney General Opinion WW-1359 moreover concerns two elective candidates. Thus, the voters' interest in having two justices in the precinct may also underlie the result in Attorney General Opinion WW-1359.

The issue before us involves judicial offices of a city and of a county precinct. Neither the residents of the city nor the residents of the precinct can claim they are entitled to have two judicial officers or complain that they are served by one court instead of two. The geographical and subject matter jurisdiction of each court is sufficiently distinct that the two courts will retain their identity even though one person serves as judge of both. Thus, the problem addressed in Attorney General Opinion WW-1359 does not arise here. To the extent that Attorney General Opinion WW-1359 protects the interest of voters, rather than of all residents, the present case is further distinguishable, since it concerns only appointed municipal judges. See Gov't Code §29.004.

The legislature has enabled home rule cities and cities at certain population levels to increase the municipal court's capacity to serve the residents. Home rule cities may appoint alternate municipal judges or may establish additional panels or divisions of the municipal court to be presided over by an associate judge. Gov't Code §§29.004, 29.007. Cities of a certain population may establish additional municipal courts. Gov't Code §§29.101, 29.102; see also Gov't Code §29.103 (city of El Paso may establish additional courts). The legislature has authorized many cities to increase the number of

judges serving in their municipal courts. Thus, these cities have the flexibility necessary to meet local needs. If a smaller city finds that it can serve local needs by appointing a justice of the peace to serve as part time municipal judge, we do not believe any legislation denies it this method of fitting municipal court services to local needs. See Tex. Const. art. V, §18 (requiring "one Justice of the Peace" to be elected in each precinct); Gov't Code §29.004 (providing for election or appointment of the "judge of the municipal court"). The answer to the second question in Attorney General Opinion JM-422 is overruled. The doctrine of incompatibility does not prevent a justice of the peace from holding at the same time the office of part time municipal judge for a city located within the precinct.

### S U M M A R Y

The doctrine of incompatibility does not prevent a justice of the peace from holding at the same time the office of part time appointed municipal judge for a city located within the precinct. The discussion of question 2 of Attorney General Opinion JM-422 (1986) and its finding of incompatibility under these circumstances is overruled. The overruling of Attorney General Opinion O-2055 (1940) is withdrawn.

Very truly yours

**JIM MATTOX**
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General